## STATE of Maine

v.

## Robert L. IFILL.

Supreme Judicial Court of Maine.

Argued April 25, 1990.
Decided May 21, 1990.

William Baghdoyan, Dist. Atty., Alan Kelley (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

Kristin Gustafson (orally), Pierce, Atwood, Scribner, Allen Smith & Lancaster, Augusta, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Robert L. Ifill, appeals his conviction of operating a motor vehicle while under the influence of intoxicating liquor ("OUI"), 29 M.R.S.A. § 1312–B (Supp.1989), after a jury trial in Superior Court (Somerset County, *Alexander, J.*). Ifill contends that the Superior Court abused its discretion by admitting into evidence (1) that the State Trooper administered a roadside breath test using an Alcohol Level Evaluation Roadside Tester ("A.L.E.R.T.")[1] prior to arresting Ifill; and (2) an unredacted implied consent form. We affirm the judgment.

This is Ifill's second appeal. In *State v. Ifill*, 560 A.2d 1075 (Me.1989) ("*Ifill I*"), we vacated Ifill's first conviction for the same offense because the court admitted the result of the A.L.E.R.T. test ("fail" on a "pass-or-fail") into evidence for the jury's consideration. We said that the A.L.E.R.T. test " 'lacks the indicia of scientific reliability necessary to provide an evidentiary ba-

---

* Hornby, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

1. 29 M.R.S.A. § 1312 provides that a motor vehicle operator must submit to a blood-alcohol test, either a blood or breath test, if there is probable cause to believe that he has operated a motor vehicle under the influence of intoxicating liquor, and that the result of such a test is admissible in evidence against the operator. Any such breath test must be performed with equipment approved by the Department of Human Services. *See* 29 M.R.S.A. § 1312(6). The A.L.E.R.T. test is administered with a self-contained apparatus that is not approved by the Department of Human Services.

sis for establishing [OUI].'" *Ifill I*, 560 A.2d at 1076 (quoting *State v. Schimmel*, 409 N.W.2d 335, 337 n. 1 (N.D.1987)).

■ Ifill contends that because of the unreliability of the A.L.E.R.T. test, the court abused its discretion in admitting any reference to it into evidence. We disagree. In *Ifill I*, we determined that because of its unreliability, the *result* of the A.L.E.R.T. test should be excluded from evidence in an OUI case. *Ifill I*, 560 A.2d at 1077. In Ifill's retrial the court excluded the result of the A.L.E.R.T. test and no State's witness mentioned the test in direct examination. The court warned defense counsel that cross-examination of the State Trooper witnesses on the extent and adequacy of the sobriety testing and evaluation procedures used prior to Ifill's arrest could open the door allowing the State to introduce into evidence the fact that an A.L.E.R.T. test had been given. Despite that warning, Ifill's counsel extensively cross-examined Trooper Robert Williams on his failure to administer to Ifill what were referred to as objective field sobriety tests.[2] The court allowed the State in its redirect examination to elicit from Trooper Williams that the A.L.E.R.T. test had been administered prior to the arrest without permitting any reference to the result. Ifill did not request an instruction limiting the jury's consideration of the procedures used prior to the arrest, nor did he request that the court inform the jury of the lack of reliability of the A.L.E.R.T. test. We cannot say under these circumstances that the court abused its discretion by admitting testimony in the nature of rebuttal evidence that an A.L.E.R.T. test had been given. M.R.Evid. 403.

Ifill also contends that the court abused its discretion in admitting into evidence an unredacted implied consent form on which Ifill had written, "I am refusing [to submit to a blood-alcohol test] because I'm still on Federal Parol [sic]." He contends that the probative value of his refusal to submit to the test is minimal and is far outweighed by the unfair prejudice resulting from the jury's knowledge of his being a federal parolee.

■ M.R.Evid. 403 gives the trial court wide discretion to balance the considerations of the probative value of proffered evidence against the danger of unfair prejudice, and such an evidentiary ruling will be overturned only when the trial court commits a clear abuse of discretion. *See State v. Kotsimpulos*, 411 A.2d 79, 81 (Me. 1980); *see also* Field & Murray, *Maine Evidence* § 403.1, at 85 (2d ed.1987).

■ Although another trial judge might have concluded that the danger of unfair prejudice was greater than the probative value of Ifill's written reason for refusing to be tested,[3] and excluded the implied consent form or admitted it into evidence with Ifill's words referring to his federal parole redacted, that is insufficient reason to overturn the decision of a trial judge. *State v. Mylon*, 462 A.2d 1184, 1187 (1983). "On sets of facts that appear identical for all that the appellate records can reveal, one judge may admit the proffered evidence, while another judge may exclude it; and yet it may well be that neither will have committed any reversible error. An appellate court will find no error on the part of either, in absence of a clear showing of abuse of discretion." *Id.* Ifill has failed to demonstrate that the admission of the implied consent form constitutes an abuse of the trial court's discretion.

The entry is:

Judgment affirmed.

All concurring.

---

2. The trooper himself observed no erratic driving on the part of Ifill although he had been informed that Ifill's van had been driven erratically. He did detect an odor of alcohol from Ifill, and noticed that Ifill had bloodshot and glassy eyes and slurred speech. Ifill also had difficulty reciting the alphabet.

3. 29 M.R.S.A. § 1312(8) provides that the failure of a person to submit to a blood-alcohol test is admissible in evidence on the issue of whether that person was under the influence. The court did not instruct the jury to that effect and no such instruction was requested.