STATE of Maine

v.

Carroll DEAN.

Supreme Judicial Court of Maine.

Argued Jan. 28, 1991.

Decided April 12, 1991.

**930**

David W. Crook, Dist. Atty., William Baghdoyan (orally), Asst. Dist. Atty., Skowehgan, for plaintiff.

Anthony Shusta (orally), Corson & Shusta, Madison, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

■ Carroll Dean appeals from convictions of two counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp. 1990), after a jury trial in Superior Court (Knox County, *Chandler, J.*). Because the trial court impermissibly limited Dean's right to present evidence in his own defense, we vacate the convictions.[1]

Dean was indicted in Somerset County in June 1988 on one count of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (Supp.1990), and two counts of unlawful sexual contact. 17–A M.R.S.A. § 255(1)(C). The alleged victims were two young male foster children who lived in Dean's home.

Dean was tried in Superior Court in Somerset County in February of 1989. The jury acquitted him of gross sexual misconduct, but was unable to agree on the unlawful sexual contact charges, and a mistrial was declared (*Brennan, J.*). Dean was convicted of both counts of unlawful

---

**1.** We have examined the record and because there is sufficient evidence on which to base a verdict of guilty beyond a reasonable doubt, Dean is not entitled to a judgment of acquittal.

sexual contact in a second jury trial conducted in Superior Court in Knox County after a change of venue. It is from those convictions that Dean appeals.

## RESTRICTION OF EVIDENCE

■ In late January 1988, two of Dean's sons and one of his foster children were killed and one of his daughters was critically injured in an automobile accident.[2] Prior to Dean's second trial, the court granted the State's motion in limine to exclude evidence of the accident because evidence of "the overwhelming tragedy" might evoke sympathy in the jury that would be unfairly prejudicial to the State's case. We agree with Dean's contention that the ruling impermissibly denied him the latitude to present the defense to which he was entitled by limiting evidence of the circumstances under which he made incriminating statements.

■ In April of 1988, Dean was interviewed by State Police Detective Barry DeLong as part of the investigation into the abuse of the victims. During that interview, at which the accident was discussed, Dean made incriminating statements that the State used against him in its case in chief at trial.[3] There were some references made at trial to the fact that Dean's children died in an accident, and Dean did bring out in his cross-examination of Detective DeLong that the accident was discussed during the interview. The ruling limited references to the accident, however, and Dean contends that it prevented him from relating in his testimony the exact nature of the accident and in his own words how its details affected him emotionally and influenced the statements that were so damaging to his case.

Although the trial court should exclude evidence offered by a defendant if the evidence is irrelevant, *see State v. Dechaine*, 572 A.2d 130, 134 (Me.1990), and has broad discretion to exclude evidence if its introduction would result in undue delay, waste of time or jury confusion, *State v. Houston*, 534 A.2d 1293, 1294 n. 1 (Me. 1987), a defendant is accorded wide latitude to present all evidence relevant to his defense. *State v. Conlogue*, 474 A.2d 167, 172 (Me.1984); *State v. Anaya*, 438 A.2d 892, 894 (Me.1981); *State v. Leclair*, 425 A.2d 182, 186 (Me.1981). After the trial court ruled that Dean's inculpatory statements were admissible, the weight to be given those statements remained an issue for the jury as the ultimate factfinders at trial. Accordingly, "all the evidence of the confession-taking circumstances presented at the suppression hearing on the admissibility question was properly admissible before the ultimate factfinders as bearing on the weight question." *State v. Curtis*, 399 A.2d 1330, 1333 (Me.1979). In attempting to persuade the jury that his confession should be given little or no weight, Dean was entitled to "show *all* the circumstances tending to destroy or weaken its probative power." *State v. Collins*, 297 A.2d 620, 632 (Me.1972) (*quoted in Curtis*, 399 A.2d at 1333) (emphasis added).

Dean admitted to the touchings that the victims testified to that constituted the alleged unlawful sexual contact, but claimed that the touchings were for purposes other than sexual gratification. Because the credibility of the victims and of Dean was crucial, the inculpatory statements he made to the officer became all the more important. In an effort to prevent the jury from being unduly influenced by sympathy, the

---

**2.** Dean lost another son in a farm accident in 1980.

**3.** Dean's pretrial motion to suppress the statements was denied (*Browne, A.R.J.*). Dean contends that the statements were not voluntary because at the time he made them he was suffering from a post-traumatic stress disorder as a result of the January 1988 automobile accident. The motion court found that testimony unpersuasive and concluded that Dean's statements

were voluntary beyond a reasonable doubt. *State v. Snow*, 513 A.2d 274, 276 (Me.1986). That decision is not clearly erroneous. *See State v. Birmingham*, 527 A.2d 759, 761 (Me. 1987). Even though the ruling on the motion to suppress governs admissibility of the statements, Dean is free to present evidence to the jury in an attempt to persuade it that the statements should be given little or no weight. *State v. Curtis*, 399 A.2d 1330, 1333 (Me.1979).

court shielded the jury from the details of the accident, correctly described by the court as an "overwhelming tragedy." It is Dean's contention that it is precisely because the accident was such an overwhelming tragedy that it impacted on his state of mind at the time he made the statements. Because he is entitled to present evidence of all the circumstances surrounding his inculpatory statements that might diminish the probative value of those statements. Dean should have been allowed to fully develop in his testimony the circumstances of the accident, and in his own words to describe when and how he learned of it, to explain how the accident affected his state of mind and influenced his statements. *Cf. State v. Vaughn,* 171 Conn. 454, 370 A.2d 1002, 1005–06 (1976) (jury should carefully scrutinize circumstances surrounding defendant's confession, including physical and mental condition of confessor, especially in rape or related assault cases where principal witnesses are defendant and complainant and decision as to defendant's culpability is largely dependent on questions of credibility).

In addition, Dean contends that his defense was further limited because his cross-examination of the detective was restricted, and he was prevented from fully developing the impact the subject of the accident had on the interview. Dean asserts that during the interview in April 1988, less than three months after the accident, Detective DeLong brought up the subject of the accident, which upset Dean and affected the statements he made. The limits the court placed on Dean's cross-examination of the detective, especially as to what extent the details of the accident were discussed during the interview, violated Dean's right to bring to the attention of the jury the circumstances under which his incriminating statements were made.[4]

Dean has raised several other points on appeal. Because the court in a retrial may be called upon to rule on them, we address them here.

## COLLATERAL ESTOPPEL

■ In his first trial, Dean was acquitted of the charge of gross sexual misconduct. That charge was based on evidence of alleged oral-genital contact between Dean and one of the victims. At the second trial involving the charges of unlawful sexual contact, the court denied Dean's motion in limine to exclude that oral-genital contact evidence. The court admitted the evidence for the limited purpose of considering Dean's motive, opportunity, state of mind and the relationship between the parties. The court carefully instructed the jury that it could not consider the evidence as indicative of Dean's character, *see* M.R.Evid. 404(b), and that Dean could not be convicted of unlawful sexual contact based on the evidence of oral-genital contact. Dean contends that because of his acquittal, the evidence of oral-genital contact was barred from use in the second trial under the doctrine of collateral estoppel. We disagree.

■ In the criminal context, collateral estoppel is a protection embodied in the constitutional guarantee against double jeopardy. *State v. Spearin,* 463 A.2d 727, 730 (Me.1983). "[W]hen a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) (*quoted in Spearin,* 463 A.2d at 730). Dean's acquittal in the first

---

**4.** The Superior Court excluded evidence as to details of the accident because of the court's legitimate concern that it could engender undue sympathy for Dean among members of the jury. *See State v. Forbes,* 445 A.2d 8, 12 (Me.1982); *State v. Hurd,* 360 A.2d 525, 527 n. 5 (Me.1976) (cases should not be decided on improper, emotional basis). Although we conclude that the court impermissibly limited the evidence in the circumstances of this case, its admissibility is not without limits. Such evidence may be limited if it is repetitive, causes undue delay, is wasteful of time, or needlessly cumulative. M.R.Evid. 403. Moreover, the court can instruct the jury that the evidence is being admitted for the limited purpose of explaining the circumstances surrounding Dean's statements and that the verdict must not be influenced by considerations of sympathy or pity. *See State v. Naoum,* 548 A.2d 120, 123 (Me.1988) (presumption that jury will follow curative or limiting instruction).

trial of the charge of gross sexual misconduct did not determine an ultimate issue of fact in the second trial. *See Dowling v. United States,* 493 U.S. 342, ——, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). The charge of gross sexual misconduct involved an allegation of a sexual act completely separate and distinct from the acts constituting unlawful sexual contact at issue in the second trial. *Compare* 17–A M.R.S.A. § 251(1)(C) (sexual act) *with* § 251(1)(D) (sexual contact). Because no issue of ultimate fact in the second trial has been determined by Dean's acquittal in the first trial, double jeopardy does not apply. Moreover, because Dean's acquittal at the first trial did not necessarily establish that the oral-genital contact did not occur, collateral estoppel does not bar the admissibility of that evidence for a limited purpose at the second trial. *Spearin,* 463 A.2d at 730 (citing *United States v. Henry,* 661 F.2d 894, 897–98 (5th Cir.1981)).[5]

## DISCRETIONARY RULINGS

■ Dean further contends that the trial court abused its discretion in several evidentiary rulings. Dean asserts that even if not barred by collateral estoppel, evidence of the oral-genital contact between Dean and one of the victims should have been excluded because it was character evidence contrary to M.R.Evid. 404, and because its probative value was substantially outweighed by the danger of unfair prejudice to Dean. M.R.Evid. 403. Evidence of prior bad acts is not as a matter of law admissible in every case. Rather, its admission is within the discretion of the trial court, and,

on appeal, is reviewed for an abuse of that discretion. *State v. Ouellette,* 544 A.2d 761, 763 (Me.1988); *see State v. DeLong,* 505 A.2d 803, 805–06 (Me.1986). We discern no abuse of discretion here.[6]

■ Similarly, although the admission of evidence of prior sexual abuse of one of the victims by someone other than the defendant would have been within the court's discretion, *see State v. Jacques,* 558 A.2d 706, 708 (Me.1989) (at trial defendant may be entitled to introduce evidence of past sexual abuse of young child who is alleged victim to rebut natural assumption by jury that child is sexually naive and that only defendant's actions could be responsible for child's knowledge of sexual matters), its exclusion in this case was not an abuse of discretion. Finally, we find no abuse of the court's discretion in the exclusion of evidence of Dean's sexual practices, and find neither clear error nor abuse of discretion in the court's admission of the testimony of a Department of Human Services caseworker.

The entry is:

Judgment vacated.

BRODY, Justice, with whom
COLLINS, Justice joins, dissenting.

Because I believe that the trial court acted well within the bounds of its discretion in limiting evidence of the accident in which Dean's children were killed, I respectfully dissent.

The Court is persuaded that the trial justice's ruling impermissibly denied Dean

---

5. At Dean's second trial, evidence of the alleged oral-genital contact was admitted for a limited purpose and could be considered for that limited purpose if the jury concluded that it was more probable than not "'that the act occurred and that the defendant was the actor.'" *Dowling v. United States,* 493 U.S. 342, ——, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990) (quoting *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988)). The record in this case does not reflect that the acquittal on the charge of gross sexual misconduct was based on a finding that no such oral-genital contact occurred. Acquittal does not prove innocence. It shows only the existence of reasonable doubt. *United States v. One Assort-*

*ment of 89 Firearms,* 465 U.S. 354, 361–62, 104 S.Ct. 1099, 1104–05, 79 L.Ed.2d 361 (1984); *State v. Estes,* 418 A.2d 1108, 1115–16 (Me.1980) (defendant entitled to acquittal if the jury had reasonable doubt as to defendant's guilt).

6. An additional factor in this case is Dean's acquittal of the charge of gross sexual misconduct. At a retrial, Dean should be free to argue, based upon due process and fundamental fairness grounds not specifically relied on by Dean at the second trial, that the evidence of the prior bad act should be excluded, or if introduced against him, that the jury be informed of his acquittal as it was in *Dowling. See Dowling,* 493 U.S. at ——, 110 S.Ct. at 674.

the latitude to present the defense to which he was entitled by restricting evidence of the circumstances under which he made inculpatory statements to Detective DeLong. Relying on *State v. Curtis*, 399 A.2d 1330 (Me.1979), the Court opines that Dean, in attempting to persuade the jury that his confession should be given little or no weight, was entitled to " 'show all the circumstances tending to destroy or weaken its probative power.' " *Id.* at 1333 (quoting *State v. Collins*, 297 A.2d 620, 632 (Me. 1972)).

The Court's reliance on *Curtis* is misplaced. In *Curtis*, we held it constitutional error to deny defense counsel a pretrial transcript of suppression hearing testimony at public expense because it prevented the defendant from impeaching witnesses against him at trial through prior inconsistent statements. We vacated and remanded in that case because the trial court's error revolved around the disability that was placed on the indigent defendant to properly cross-examine the State's witnesses.

Contrary to Dean's contentions, the record does not demonstrate that he too was impermissibly denied his constitutional right to confront the witnesses against him. Defense counsel was allowed to cross-examine Detective Delong about the fact that the accident was discussed as part of the conversation in which Dean made the inculpatory statements. Although counsel was not allowed to inquire into all of the details of the conversation and the accident, he was allowed to explore Dean's emotional state at the time of the interview with Detective Delong. In addition, other witnesses repeatedly alluded to the accident throughout the trial.

Furthermore, the reversible error that we found in *Curtis* resulted from the trial court's denial of the pretrial transcript and not from a discretionary ruling made pursuant to M.R.Evid. 403. Rule 403 provides in pertinent part that otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Prejudice, in this context, means "an undue tendency to move the fact finders to decide the issue on an improper basis, commonly, although not invariably, an emotional one." *State v. Linnell*, 408 A.2d 693, 695 n. 2 (Me.1979).

The trial court granted the State's motion in limine to exclude the details of the accident because the sympathy that the evidence might evoke in the jurors would be unfairly prejudicial to the State's case. The Court concedes that the trial justice's decision on this issue is discretionary. As we reiterated only recently, Rule 403 "gives the trial court wide discretion to balance the considerations of the probative value of proffered evidence against the danger of unfair prejudice, and such an evidentiary ruling will be overturned only when the trial court commits a clear abuse of discretion." *State v. Ifill*, 574 A.2d 889, 891 (Me.1990).

The trial court's ruling was well within the bounds of its discretion. The proffered evidence was only marginally relevant; the probative value of further details of the accident, minimal at best; the danger of unfair prejudice, significant. I would affirm the judgment.