MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 132
Docket:        Pen-13-323
Argued:        June 10, 2014
Decided:       November 25, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

SETH M. JOHANSEN

SAUFLEY, C.J.

[¶1]  Seth M. Johansen appeals from a judgment entered in the trial court (*Campbell, J.*) revoking his probation based on findings that he committed new crimes of burglary and theft.  Johansen contends that the court erred by admitting a police officer's testimony about Johansen's confessions, despite having found that the inculpatory statements were obtained following Johansen's initial in-custody indication that he did not want to talk with law enforcement.  We affirm the judgment.

I.  BACKGROUND

[¶2]  In March 2012, Johansen pleaded guilty to five counts of burglary (Class B), 17-A M.R.S. § 401(1)(B)(4) (2013), one count of criminal mischief (Class D), 17-A M.R.S. § 806(1)(A) (2013), and four counts of theft (Class E), 17-A M.R.S. § 353(1)(A) (2013).  The trial court (*Nivison, J.*) sentenced Johansen

to two years' imprisonment with all but sixty days suspended, and imposed two years of probation. One of the conditions of probation was that Johansen "refrain from all criminal conduct and violation of federal, state, and local laws."

[¶3] On the morning of February 28, 2013, two police officers responded to a burglary reported by a man who lived in the same apartment building as Johansen. The man told a police officer that, the night before the burglary, Johansen had been in his apartment and asked to borrow five dollars from the man's jar of change. On the morning of the burglary, as the man was leaving his apartment, he saw Johansen coming up the stairs; upon seeing the man, Johansen awkwardly turned around and hurried away. Later that day, when the man returned home, he found that an entry had been made into his apartment through the fire escape and that the jar of change was missing.

[¶4] At some point before the officers spoke with Johansen, they learned that Johansen was the subject of an outstanding arrest warrant, issued in September 2012, for failure to report to his probation officer.[1] The two officers went downstairs to Johansen's apartment and asked him about the burglary. Johansen denied any knowledge of the burglary. The officers then arrested Johansen on the outstanding warrant. An officer read Johansen his *Miranda* rights verbatim from a

---

[1] Prior to the events leading to this appeal, the State had filed a motion to revoke Johansen's probation due to allegations that he failed to report to his probation officer. Johansen admitted to the failure to report, and the court deferred disposition until after this case was resolved.

card, and Johansen indicated that he understood each paragraph. When asked whether he would like to speak with the officers, Johansen said, "No. You know everything already."

[¶5] At that point, the officers allowed Johansen to go back into his apartment to change clothes and say goodbye to his wife. When Johansen returned, one of the officers informed Johansen that he did not "know everything" and that he still had additional questions for Johansen regarding the burglary. The officer told Johansen that he could answer the questions that he liked and decline to answer others. Without again reciting the full *Miranda* warnings, the officer asked Johansen, "Now having all those rights in mind, are you willing to speak to us at this time?" Johansen said yes and confessed to the officers that he had taken the jar from the neighbor's apartment. He also told them that the jar was inside his apartment, and the officers retrieved it from Johansen's kitchen.

[¶6] The officers took Johansen to the Penobscot County Jail, where one officer further questioned Johansen. The officer again reminded Johansen of his rights without repeating the full *Miranda* warnings, and Johansen again admitted that he had committed the burglary. The officer did not threaten or make promises to Johansen during these interactions. Aside from his initial response, Johansen did not display any reluctance in answering the police officer's questions.

4

[¶7] The State filed a motion to revoke Johansen's probation, contending that Johansen had committed new crimes of burglary and theft. The court scheduled a probation revocation hearing and assigned Johansen counsel pursuant to 17-A M.R.S. § 1206(4) (2013). Before the hearing on the State's motion, Johansen filed a motion in limine seeking to exclude his confession as obtained in violation of his *Miranda* rights. At the probation revocation hearing on May 21, 2013, during which the court also considered Johansen's motion in limine, the State offered as the sole witness the officer who first questioned Johansen. The officer testified to the events described above, including his conversations with Johansen and the victim. Johansen objected to the officer's testimony regarding statements that Johansen had made to the officers after his initial refusal to answer questions.

[¶8] At the end of the probation revocation hearing, the court took the matter under advisement and opined that the admissibility of Johansen's confessions would determine the outcome of the State's motion: "[I]f I allow the evidence in, as far as the Defendant's confession, then I [am] going to find that he committed the probation violation based upon the preponderance of the evidence standard. . . . If not, then there will not be a probation violation found because that's really the thrust of the State's case."

[¶9]  On June 4, 2013, the court entered a judgment finding that the State had met its burden of proving, by a preponderance of the evidence, that Johansen violated his probation conditions by committing the new crimes of burglary and theft.  In denying Johansen's motion in limine, the court cited *State v. James*, 2002 ME 86, 797 A.2d 732, and concluded that statements obtained in violation of *Miranda* protections are admissible in probation revocation proceedings as long as the State's action or actions did not violate the defendant's due process rights.  *See id.* ¶ 12 ("Because revocation hearings have the potential to deprive persons of their liberty . . . minimum guarantees of due process are necessary.").  The court found that the admission of Johansen's confessions in the probation revocation proceeding did not violate his right to due process because (1) the confessions were made voluntarily and were reliable, and (2) they were corroborated by the questioning officer's testimony about his conversation with the victim regarding Johansen's behavior.

[¶10]  The court revoked Johansen's probation and ordered him incarcerated for the remaining twenty-two months of his original suspended sentence.  The State then dismissed its criminal prosecution of burglary and theft charges against Johansen.  This appeal followed.

## II. DISCUSSION

[¶11]   The question presented in this appeal is whether Johansen's statements, admitted for the purpose of revoking his probation, should have been excluded because they were obtained in violation of the prophylactic rules established to protect an individual's Fifth Amendment privilege against self-incrimination.[2]   Johansen argues that the exclusionary rule should apply because probation revocation hearings are akin to criminal prosecutions and because his statements, obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 466 (1966), are inherently unreliable.   We review the effect of the admission of testimony on constitutional rights and the interpretation of United States and Maine Constitutions de novo.  *State v. Mercier,* 2014 ME 28, ¶ 9, 87 A.3d 700; *State v. Elliott,* 2010 ME 3, ¶ 17, 987 A.2d 513.

[¶12]  The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  The Maine Constitution similarly provides that "[t]he accused shall not be compelled to furnish or give evidence against himself or herself."  Me. Const. art. I, § 6.  The Maine Constitution is coextensive with the

---

[2]   The court found, and the State does not challenge, that (1) Johansen was in custody, (2) he unambiguously invoked his *Miranda* rights, and (3) police questioning after he invoked these rights, both at his apartment and later at the jail, was in violation of *Miranda*.

United States Constitution in the Fifth Amendment context. *See, e.g., State v. Millay*, 2001 ME 177, ¶¶ 14-20, 787 A.2d 129.

[¶13] In *Miranda v. Arizona*, the Supreme Court of the United States created procedural safeguards to provide "practical reinforcement" of the right against compulsory self-incrimination. 384 U.S. at 444-45; *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Pursuant to the safeguards established through *Miranda*, a confession by a person in custody may not be admitted in a criminal prosecution unless the person is warned beforehand "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." 384 U.S. at 444. "[F]ailure to follow [these] procedures requires inexorably the exclusion of any statement by the accused, as well as the fruits thereof." *Id.* at 500. However, "the invocation of the right to remain silent is not a permanent bar to further police questioning and . . . incriminating statements given in response to later questioning may be admissible, so long as the defendant's rights were 'scrupulously honored.'" *State v. Grant*, 2008 ME 14, ¶ 20, 939 A.2d 93 (quoting *Michigan v. Mosley*, 423 U.S. 96, 104 (1975)).

[¶14] In the context of a prosecution for a crime, we determine whether a suspect's invocation of his right to remain silent has been "scrupulously honored" by applying a four-factor balancing test. *Grant*, 2008 ME 14, ¶ 42, 939 A.2d 93;

*State v. Rossignol*, 627 A.2d 524, 527 (Me. 1993); *see Mosley*, 423 U.S. at 104-107. These factors are "(1) whether police immediately cease the interrogation when the [suspect] invokes the right to remain silent; (2) whether a significant amount of time passes before questioning is resumed; (3) whether fresh *Miranda* warnings are provided; and (4) whether the later 'interrogation is restricted to matters distinct from the former.'" *Grant*, 2008 ME 14, ¶ 42, 939 A.2d 93 (quoting *Rossignol*, 627 A.2d at 527); *see Mosley*, 423 U.S. at 104-107. Applying these factors in the matter before us, as the trial court correctly determined, the officers cannot be found to have "scrupulously honored" Johansen's brief initial indication that he had nothing to say to the officers. It is clear that the State would not have been able to use Johansen's statements in a criminal proceeding charging him with the new burglary.

[¶15] Thus, the question directly presented is this: must Johansen's confession be suppressed in the probation revocation proceeding? Although the Supreme Court of the United States has not squarely ruled on this question, in *Minnesota v. Murphy*, the Court suggested that the consequences of suppression will not apply to a probation proceeding standing alone. 465 U.S. 420, 435 n.7 (1984). Specifically, the Court noted that suppression is not required if there is "no realistic threat of incrimination in a separate criminal proceeding." *Id.*

[¶16] Other federal courts have followed *Murphy*'s lead. *See, e.g., United States v. York,* 357 F.3d 14, 24 (1st Cir. 2004) ("[B]ecause revocation proceedings are not criminal proceedings, [defendant] will not be entitled to refuse to answer questions solely on the ground that his replies may lead to revocation of his supervised release."); *United States* v. *MacKenzie*, 601 F.2d 221, 222 (5th Cir. 1979) (per curiam) ("*Miranda*'s prophylaxis is inapplicable in a probation revocation proceeding."); *United States v. Johnson*, 455 F.2d 932, 933 (5th Cir. 1972) ("A probation revocation hearing is not an adversary or a criminal proceeding . . . . An injection of the *Miranda* protection here could be toxic and produce a paresis in the probation process.").

[¶17] Although we have not directly decided whether evidence obtained in violation of the prophylactic rules and procedural safeguards established to protect a defendant's Fifth Amendment rights is admissible in probation revocation hearings, we have answered a similar question in the Fourth Amendment context. *See State v. Foisy*, 384 A.2d 42, 44 (Me. 1978); *State v. Caron*, 334 A.2d 495, 498-99 (Me. 1975). In *State v. Caron*, the police recovered several stolen items from the defendant's person and his wife's apartment based on a defective warrant. 334 A.2d at 496-97. The Superior Court suppressed this evidence in the defendant's criminal prosecution but admitted it for purposes of revoking his probation. *Id.* We affirmed on two grounds. First, because a probation revocation

hearing is not a criminal proceeding, suppression procedures pursuant to the Maine Rules of Criminal Procedure are not available. *Id.* at 498-99 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Second, the deterrent purpose of the exclusionary rule, which acts as protection for Fourth Amendment rights, was adequately served by the exclusion of the unlawfully seized evidence in the criminal prosecution. *Id.* at 499. "[T]he additional furtherance of its policy objectives achieved by extending the rule to hearings for revocation of probation (or parole) is insufficient to justify the concomitant impairment of the proper functioning of the probation-parole system." *Id.* However, we left open the possibility that the exclusionary rule may apply in probation revocation hearings when a defendant demonstrates a need to deter "'widespread police harassment'" that deprives the probationer of the right to due process. *Id.* at 499 n.6 (quoting *United States ex rel. Sperling v. Fitzpatrick*, 426 F.2d 1161, 1166 (2d Cir. 1970)).

[¶18] Consistent with the foreshadowing on this issue by the Supreme Court of the United States, we extend our holding in *Caron* to the Fifth Amendment context. *See Murphy*, 465 U.S. at 435 n.7; 334 A.2d at 496-97. The exclusionary rule, requiring courts to suppress evidence obtained in violation of the procedural safeguards established to protect the privilege against self-incrimination, does not apply to probation revocation proceedings unless the probationer presents proof of "widespread police harassment" or other proof of a serious due process violation.

*See Murphy*, 465 U.S. at 435 n.7; *cf. Caron*, 334 A.2d at 499 n.6 (quoting *Fitzpatrick*, 426 F.2d at 1166). As with the rule announced in *Caron*, this rule promotes a balance between, on one hand, the proper functioning of the probation-parole system and, on the other hand, probationers' rights to due process. *See Caron*, 334 A.2d at 499 & nn.5-6; *see also United States v. Leon*, 468 U.S. 897, 916 (1984) ("[T]he exclusionary rule is designed to deter police misconduct.").[3]

[¶19] Accordingly, the court did not err in holding that Johansen's confessions were admissible for the purpose of determining whether he had violated the terms of his probation. Johansen presented no evidence suggesting that practices engaged in by the police in his case were part of a widespread practice of probationer harassment, nor did he otherwise allege a serious violation of his due process rights. The record fully supports the court's finding that the confessions the police obtained from him were made voluntarily, as well as the court's finding that the police did not threaten or promise leniency in exchange for his confessions. Although the officers were aware of Johansen's probationary status due to an outstanding warrant, there was no evidence that they harassed or targeted Johansen based solely, or even primarily, on his probationary status. In

---

[3] Although we acknowledge that the incarceration that follows a probation revocation feels no different to the probationer than an original sentence of incarceration, the process of revoking probation is not identical to the process for obtaining a criminal conviction and does not entail the same extensive safeguards.

these circumstances, we do not disturb the court's admission of the evidence of Johansen's confession in his probation revocation proceeding.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Hunter J. Tzovarras, Esq., Bangor, for appellant Seth M. Johansen

R. Christopher Almy, District Attorney, and Tracy Collins Lacher, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

**At oral argument:**

Hunter J. Tzovarras, Esq., for appellant Seth M. Johansen

Tracy Collins Lacher, Asst. Dist. Atty., for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2012-308
FOR CLERK REFERENCE ONLY