STATE OF MAINE                              UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                             PORTLAND
                                            Docket No. CUMDC-CR-16-2430

STATE OF MAINE                )
                              )
v.                            )             ORDER ON MOTION TO SUPPRESS
                              )
JOEL KING                     )
                              )
          Defendant           )

A testimonial hearing was held on Defendant's Motion to Suppress on September 20, 2016. Assistant District Attorney Carlos Diaz appeared and argued for the State. Attorney William Ashe appeared and argued on behalf of Defendant Joel King. The court heard testimony from Officer Zachary Theriault, who effected the traffic stop and Defendant's ensuing arrest, as well as oral argument from counsel.

Defendant has two grounds for his suppression motion: he argues that there was no probable cause for his arrest, such that all evidence following his arrest should be suppressed; and further seeks suppression of statements made following his arrest on the ground that they were elicited in violation of his *Miranda* rights.[1] When asked to identify the statements he seeks to suppress, Attorney Ashe pointed to Defendant's "no" made in response to Officer Theriault's query regarding whether he would be willing to submit to sobriety testing. Defendant contends that because he was handcuffed and at the booking station, having already been arrested at the time he refused and answered "no" (a fact which the State does not dispute), the Law Court cases cited by the State are distinguishable such that suppression is warranted.

Defendant's probable cause argument arises from the contention that he was arrested because Officer Theriault was frustrated by his refusal to exit his vehicle when commanded to do so. The court finds that while the *timing* of Defendant's arrest may have been precipitated by Defendant's refusal to exit the vehicle, Defendant's argument fails to take into account the totality of the circumstances preceding the arrest. Defendant exhibited multiple indicia of intoxication prior to the stop and to his arrest. Defendant first came to Officer Theriault's attention as he drove in the Old Port at approximately 1.15 a.m. shortly after the bars closed.

---

[1] Defendant's written motion challenges the basis for the traffic stop and the identification procedure as well, but those grounds were not pursued at hearing.

Defendant was driving somewhat over the speed limit and in a manner that Officer Theriault determined to be unsafe, given the volume of cars and pedestrians who were in the Old Port at the time. On following Defendant's vehicle, Officer Theriault observed Defendant abruptly stopping at a red light and putting a portion of his vehicle into the intersection. A few moments later, the officer observed Defendant making a second abrupt stop at a blinking light, stopping in the intersection, and it was at that point that the officer determined to execute a stop of Defendant's vehicle. After making the stop, Officer Theriault detected a "strong odor of intoxicants" coming from Defendant. Defendant's eyes were glassy, his speech was slurred, he was "very slow" and "couldn't communicate very well." He had difficulty responding to basic questions while looking for his registration. When asked how much he had had to drink, Defendant responded: "I'm not gonna lie. I've had too much." That admission was made, and the indicia observed, while Defendant was still in his car.

Defendant's admission that he'd "had too much," along with the other indicia of intoxication observed by Officer Theriault both before and after the stop, gives rise to probable cause as that standard has been defined in Maine case-law. As the Law Court reasoned in *State v. Webster*, 2000 ME 115, 754 A.2d 976:

> A person is guilty of operating under the influence if his or her senses are "impaired however slightly" or "to any extent" by the alcohol that person has had to drink. For there to be probable cause to arrest someone for operating under the influence, therefore, an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink. A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving.
>
> In this case, the officer had observed a driving maneuver that suggested impaired judgment. The officer smelled a strong odor of alcohol on Webster's breath, and the officer had heard Webster make a facially incredible statement that the officer could have believed was intended to cover-up recent, more substantial consumption of alcoholic beverages. With those observations made, the officer may have been regarded as careless had he allowed Webster to go on his way without further inquiry to determine the state of his sobriety and the risk he may have posed to himself and others on the highway.

*Id.* ¶¶ 7-9.

With respect to Defendant's *Miranda*-based argument, the court is not persuaded that the timing of Defendant's refusal to submit to sobriety testing (the refusal occurring after Defendant had been arrested rather than prior to arrest) takes this case outside the holding of *State v. Millay*,

2

2001 ME 177, 787 A.2d 129. *Millay* holds that "refusing a field sobriety test is not a testimonial act." *Id.* at ¶ 20. *See also id.* at ¶ 15 ("The fact that Millay refused to take the tests, although the refusal was manifested with the word 'no,' is admissible because it was nothing more than a refusal to provide nontestimonial evidence."). Because the Fifth Amendment prohibits the compulsion of *testimonial* evidence, *Miranda* is not implicated. *See also State v. Allen*, 485 A.2d 953, 955 (Me. 1984) (recitation of implied consent form and inquiries to verify comprehension "did not constitute an interrogation requiring *Miranda* warnings."). The court is further not persuaded by Defendant's argument that Defendant's "no" was not voluntary. Accordingly, the court finds no violation of either the Federal or the Maine Constitution.

Accordingly, having considered the evidence in light of the governing constitutional standards, it is hereby ORDERED that Defendant's Motion to Suppress is DENIED in its entirety.

DATED: 4/23/10

E. Mary Kelly
Maine District Court Judge

3

STATE OF MAINE
  vs´
JOEL W KING
6441 ROOKERY CIRCLE
BRADENTON FL 34203

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No   CUMCD-CR-2016-02430

**DOCKET RECORD**

DOB: 04/06/1982
Attorney: AMY FAIRFIELD
           FAIRFIELD & ASSOCIATES PA
           10 STONEY BROOK LANE
           LYMAN ME 04002
           RETAINED 05/26/2016

State's Attorney: STEPHANIE ANDERSON

**Charge(s)**

1   REFUS TO SUBMIT TO ARREST OR DETEN, REFUSE 04/26/2016 PORTLAND
     TO STOP
Seq 11513 17-A  751-B(1)(A)          Class E


2   OUI (ALCOHOL)-NO TEST, 1 PRIOR          04/26/2016 PORTLAND
Seq 12952 29-A  2411(1-A)(C)(2)     Class D  Charged with COMPLAINT on Suppleme


**Docket Events:**

04/27/2016 FILING DOCUMENT -  CASH BAIL BOND FILED ON 04/26/2016

04/27/2016 Charge(s): 1
           HEARING -   ARRAIGNMENT SCHEDULE OTHER COURT ON 05/26/2016 at 08:30 a.m. in Room No.  1

           PORSC
04/27/2016 BAIL BOND - $600.00 CASH BAIL BOND FILED ON 04/26/2016

           Bail Receipt Type: CR
           Bail Amt:  $600
                                  Receipt Type: CK
           Date Bailed: 04/26/2016    Prvdr Name: BILL  KING
                                  Rtrn Name: BILL  KING
           #1073                                        3RD PARTY BAIL DOB 9.20.53
05/24/2016 Charge(s): 1,2
           SUPPLEMENTAL FILING -  COMPLAINT FILED ON 05/20/2016

05/26/2016 Party(s):  JOEL W KING
           ATTORNEY -  RETAINED ENTERED ON 05/26/2016

           Attorney:  AMY FAIRFIELD
05/26/2016 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 05/26/2016
           NANCY  MILLS , JUSTICE
           Attorney:  AMY FAIRFIELD
           DA:  DEBORAH CHMIELEWSKI
           Defendant Present in Court

           DEFENDANT INFORMED OF CHARGES.                    FTR 1
            CR_200              Page  1  of 3           Printed on: 09/23/2016

05/26/2016 Charge(s): 1,2
       PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/26/2016

05/26/2016 BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 05/26/2016
       NANCY MILLS , JUSTICE
       Date Bailed: 04/26/2016
       #1073                           3RD PARTY BAIL DOB 9.20.53
05/26/2016 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 08/03/2016 at 10:00 a.m. in Room No. 7

05/26/2016 TRIAL - JURY TRIAL SCHEDULED FOR 09/12/2016 at 08:30 a.m. in Room No. 11

       NOTICE TO PARTIES/COUNSEL
08/03/2016 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 08/17/2016 at 08:30 a.m. in Room No. 7

08/03/2016 HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 08/03/2016
       LANCE WALKER , JUDGE
       Attorney: AMY FAIRFIELD
       DA: BRENDAN O'BRIEN
       DISCOVERY IDDUES.
08/17/2016 HEARING - DISPOSITIONAL CONFERENCE HELD ON 08/17/2016
       JED FRENCH , JUDGE
       Attorney: AMY FAIRFIELD
       DA: BRENDAN O'BRIEN
       OFFER MADE. MOTION FILED AND SET 9-20-16.
08/17/2016 TRIAL - JURY TRIAL CONTINUED ON 08/17/2016

08/17/2016 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 08/17/2016

08/17/2016 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/20/2016 at 01:00 p.m. in Room No. 1

       NOTICE TO PARTIES/COUNSEL
08/17/2016 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 08/17/2016

08/17/2016 TRIAL - JURY TRIAL SCHEDULED FOR 09/26/2016 at 08:30 a.m. in Room No. 11

       NOTICE TO PARTIES/COUNSEL
08/17/2016 TRIAL - JURY TRIAL NOTICE SENT ON 08/17/2016

09/21/2016 HEARING - MOTION TO SUPPRESS HELD ON 09/20/2016
       MARY KELLY , JUDGE
       Attorney: WILLIAM ASHE
       DA: CARLOS DIAZ
       FTR 1
09/21/2016 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 09/20/2016

09/21/2016 CASE STATUS - CASE FILE LOCATION ON 09/20/2016
       MARY KELLY , JUDGE
       CASE IS WITH JUDGE KELLY AS MOTION WAS TAKEN UNDER ADVISEMENT
09/23/2016 MOTION - MOTION TO SUPPRESS DENIED ON 09/23/2016
       MARY KELLY , JUDGE
       COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:

_____
Clerk