1998 ME 76

**STATE of Maine**

v.

**Anthony B. SWETT.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 13, 1998.
Decided April 15, 1998.

R. Christopher Almy, District Attorney, C. Daniel Wood, James Diehl, Asst. Dist. Attys., Bangor, for the State.

Joseph M. Baldacci, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶1] Defendant Anthony Swett appeals from a judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) convicting him of operating under the influence of intoxicants in violation of 29–A M.R.S.A. § 2411 (1996). Defendant entered a conditional plea of guilty and appeals the District Court's (Bangor, *Russell, J.*) denial of his suppression motion. He argues that the court erred in finding that his arrest was supported by probable cause and that he was not subjected to custodial interrogation. Finding no error, we affirm the judgment.

[¶2] The relevant facts may be briefly stated as follows: Officer Martin of the Brewer Police Department was on patrol duty and received a radio message that the "State Police and the Bangor Police Department were looking for a black older model Mercury ... that was involved in a hit and run accident, [and] left the scene." Officers were asked to stop and hold the vehicle. Officer Munson stopped the vehicle as defendant drove into a parking lot. Officer Martin joined him moments later. Both officers approached the vehicle and requested defendant's driver's license. Officer Martin detected the smell of beer coming from the vehicle and saw a half-full twelve pack of beer in the back seat. Officer Martin informed defendant that he had been "stopped for another agency." Approximately three to five minutes later, two State Police officers arrived. After talking with Officer Martin, they interviewed defendant. Defendant admitted that he was the driver of the car, and, because the officers could smell alcohol on his breath, they administered field sobriety tests and a balloon kit test. In light of the information known to the officers and defendant's poor performance on the sobriety tests, defendant was arrested for operating under the influence.

[¶3] Defendant's argument with regard to probable cause is without merit. The court did not err in finding that an ordinarily prudent and cautious police officer would believe that defendant committed a crime. *See State v. Boylan,* 665 A.2d 1016, 1018 (Me. 1995).

[¶4] He also contends that because he was detained until the State Police arrived, he was actually in police custody. From this premise, he argues that he was interrogated without appropriate warnings concerning his rights. A *Miranda* warning is required only if a defendant is in custody and subject to interrogation. *State v. Carr,* 1997 ME 221, ¶10, 704 A.2d 353, 356. We will reverse the court's determination as to custody only if it is not rationally supported. *Id.* Despite the fact that the traffic stop was prolonged by the need to wait for the State Police to arrive, the court did not err in finding that defendant was not in custody. He was in fact subjected to an investigatory detention that was supported by a reasonable articulable suspicion of criminal conduct.

[¶5] Finally, defendant contends that the court erred in denying his motion to dismiss the complaint. Defendant's arrest was taped by video and audio equipment located inside Officer Martin's vehicle. The video tape was activated automatically when Officer Martin turned on his blue lights and

it continued to run throughout the stop. The audio equipment, however, was activated only when Officer Martin was speaking with defendant. Defendant now argues that the officer's failure to record the entire stop and arrest is the equivalent of an officer's knowing destruction of evidence. Defendant cites no authority to support his theory nor are we aware of any. The motion to dismiss was properly denied.

The entry is:

Judgment affirmed.