STATE OF MAINE

KENNEBEC, ss

SUPERIOR COURT

CRIMINAL ACTION

DOCKET NO. CR-09-330

2009 NOV 23 A 10: 19

STATE OF MAINE

v.

JOHN CRAWFORD, III

Defendant

ORDER ON DEFENDANT'S
MOTIONS TO SUPPRESS

The defendant has filed three motions to suppress and seeks to suppress the following: his arrest based on lack of probable cause; the results of his breath test based on a due process violation; and his statement based on a <u>Miranda</u> violation. For the following reasons, the motions are denied.

FACTS

Augusta Police Officer Paul Doody was on duty on 3/15/09 at approximately 1:15 a.m. He observed a vehicle traveling in the wrong direction on Commercial Street; the vehicle was traveling north where southbound travel only is permitted. The officer activated his lights and followed the vehicle for 100 feet. There was nothing unusual about the way the vehicle stopped.

The male driver was the sole occupant of the vehicle. The officer noted his eyes were a little red. His speech was initially a little slurred but improved later. The officer asked where the driver was coming from and the driver replied "from the Bridge Street Tavern." He was unfamiliar with the area and was looking for a friend.

The officer requested a license, proof of insurance, and registration. The driver gave the officer his license, which identified him as John Crawford. The officer asked again for proof of insurance and registration and the defendant gave the officer a receipt for an oil change.

1

The officer asked the defendant to rate his sobriety on a scale of one to ten with one meaning sober and ten meaning as drunk as he had ever been in his life. The defendant responded that he was probably five or six. The officer asked how many drinks the defendant had consumed and he replied five or six drinks during a four-hour period. The defendant consumed four beers, one mixed drink, and two shots of whiskey.

The officer asked the defendant to step out of his car. There was nothing unusual about the way the defendant exited his vehicle. He was wearing a winter jacket, jeans, a t-shirt, and sneakers.

The defendant is five feet ten inches and weighed 265 pounds. The officer checked that the defendant was "obese" on the form but did so erroneously. The officer asked the defendant whether his shoes were comfortable, whether he had any trauma, and whether he was taking any medicine. The officer had no concerns about administering the field sobriety tests. The officer asked whether the defendant was comfortable performing field sobriety tests. He said he was fine. The officer explained and demonstrated the tests.

The officer had not completed the ten stops required for administering the horizontal gaze nystagamus test. On the walk and turn test, the defendant was unsteady and swayed in a small circle, moved his feet to maintain balance, began the test before instructed to do so, lifted his arms more than six inches to maintain balance, did not maintain the heel-to-toe walk, stepped off the line twice walking out and returning, and did not turn as instructed. On the one-leg stand, the defendant did not lift his foot six inches from the ground as instructed, counted quickly and then slowly, and swayed.

The officer determined the defendant was intoxicated, advised the defendant of that fact, placed him in handcuffs, and drove to the station to administer an intoxilyzer test. The officer read the implied consent form to the defendant word for word and asked the defendant if he understood what had been read after each paragraph. (State's Ex. 1.) The defendant stated he understood. The officer did not recall if the defendant asked what would happen to his license and the officer did not recall if he said the license would be suspended for six months if the defendant failed to submit to a test.

The defendant asked Sgt Boivin[1] about an attorney before the test was administered. Officer Doody did not know what Sgt. Boivin may have said to the defendant regarding a refusal to take the test. Officer Doody recalled that the defendant was told he did not need an attorney for the test because the officers were not asking any questions regarding specific issues. The only discussion with Officer Doody included the information on the implied consent form.

The defendant wanted to speak to an attorney because he did not understand whether a license suspension would be automatic and did not understand the duration of the suspension. The defendant agreed that the implied consent form was read to him and he told the officer he understood the information. The defendant recalled that he was told also the license could be suspended for six months and failure to submit to a test would be considered an aggravating circumstance at sentencing. He did not ask to read the form.

CONCLUSIONS

Probable Cause to Arrest

Probable cause to arrest a person for operating under the influence, the officer "must have probable cause to believe that the person's senses are affected to the

3

slightest degree, or to any extent, by the alcohol that person has had to drink. A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving." State v. Webster, 2000 ME 115, ¶ 7, 754 A.2d 976, 978.

The officer had probable cause to arrest based on the defendant's driving the wrong way on a one-way street, his handing a receipt to the officer instead of proof of insurance and registration, his slurred speech and red eyes, his admission that he drank a significant amount of alcohol at a tavern, his statement regarding his sobriety, and his performance on the field sobriety tests. The defendant agreed he was comfortable performing the tests. The court does not conclude that the defendant's weight precluded administering the tests or the officer's considering the defendant's performance on the tests.

### Breath Test

The administration of a blood-alcohol test is not a "critical stage" of the proceedings to which the right to counsel attaches. State v. Bavouset, 2001 ME 141, ¶ 4, 784 A.2d 27, 29. In Bavouset, the defendant argued that the officer's error in estimating the time of incarceration resulting from a failure to submit to a test and the officer's refusal to allow the defendant to speak to an attorney resulted in a "fundamentally unfair process" and a violation of her due process rights. Id. The court disagreed.

In Bavouset, the court distinguished the facts in Bavouset from those in State v. Roberts and State v. Stade. In Roberts, the defendant was led to believe incorrectly that no mandatory incarceration would result from a refusal to submit to a test. Bavouset, 2001 ME 141, ¶ 5, 784 A.2d at 29; Roberts v. State, 48 F.3d 1287, 1292 (1st Cir. 1995). In Stade, the officer failed to warn the defendant of the consequences of failing to submit to a test and incorrectly assured the defendant that he could obtain a work permit after

---

[1] Sgt. Boivin did not testify at the hearing on the motion to suppress.

4

losing his license upon conviction. Bavouset, 2001 ME 141, ¶ 6, 784 A.2d at 29; State v. Stade, 683 A.2d 164, 166 (Me. 1996).

The facts of this case are more similar to those in Bavouset. Officer Doody read the entire implied consent form to the defendant, who stated he understood the information. Considering the defendant's circumstances on the morning of March 15, his ability to recall events is suspect. Assuming some officer told the defendant that his license would be suspended for six months if he failed to submit to a test, that information was not incorrect, as was the information provided to the defendants in Roberts and Stade. The police procedures used in this case do not offend "the community's sense of justice, decency, and fair play." Bavouset, 2001 ME 141, ¶ 7, 784 A.2d at 30.

Statement

An "ordinary traffic stop to ask a few questions and to conduct field sobriety tests on a driver suspected of operating under the influence does not amount to custodial interrogation" that requires Miranda warnings. See State v. Lewry, 550 A.2d 64, 65 (Me. 1988); see also Berkemer v. McCarty, 468 U.S. 420, 423 (1984) (defendant questioned outside his vehicle on side of road); State v. Swett, 1998 ME 76, ¶ 4, 709 A.2d 727, 730 (defendant interviewed either while seated in his vehicle or outside his vehicle on side of road). An officer is permitted to ask routine booking questions or administrative questions whether a defendant is or is not in custody. See State v. Lockhart, 2003 ME 108, ¶ 18, 830 A.2d 433, 441; State v. Rossignol, 627 A.2d 524, 526 (Me. 1993).

The officer's asking the defendant to rate his sobriety on a scale of one to ten is not a field sobriety test and is not an administrative or routine booking question. It is a

question designed to elicit an incriminating response. See State v. Nixon, 599 A.2d 66, 67 (Me. 1991). The issue is whether the defendant was in custody.

Considering the factors outlined in State v. Michaud, viewed in their totality, the court concludes that the defendant was not in custody. See Berkemer, 468 U.S. at 437-441; State v. Michaud, 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226. On this record, a reasonable person in the defendant's position would not have concluded that he was "in police custody and constrained to a degree associated with formal arrest." Id. Accordingly, no Miranda warnings were required in order for the defendant's answers to the officer's questions to be admissible. See State v. Holloway, 2000 ME 172, ¶ 13, 760 A.2d 223, 228.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: November 23, 2009

Nancy Mills
Justice, Superior Court

6

vs
JOHN J CRAWFORD, III
68 HIGH ST #1
AUBURN ME 04210

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2009-00330

**DOCKET  RECORD**

DOB: 01/08/1983
Attorney: ROBERT LEVINE
              17 SOUTH STREET
              PORTLAND ME 04101
              RETAINED 04/13/2009

State's Attorney: EVERT FOWLE

## Charge(s)

1    OPERATING  UNDER  THE  INFLUENCE               03/15/2009 AUGUSTA
Seq 9878   29-A   2411(1-A)(A)           Class D
    DOODY                    / AUG

## Docket Events:

05/07/2009 Charge(s): 1
           TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 05/07/2009 @ 18:00

           TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200900538
           FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 03/15/2009

           Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 04/22/2009 @ 8:30 in Room No.  1

           NOTICE TO PARTIES/COUNSEL
           Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 04/22/2009

           BAIL BOND - $500.00 UNSECURED BAIL BOND FILED ON 03/16/2009

           Bail Amt:  $500
           Date Bailed: 03/15/2009
05/07/2009 Party(s):  JOHN J CRAWFORD III
           ATTORNEY -  RETAINED ENTERED ON 04/13/2009

           Attorney:  ROBERT LEVINE
           Charge(s): 1
           SUPPLEMENTAL FILING -  COMPLAINT FILED ON 04/06/2009

           Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 04/22/2009

           TRIAL -  BENCH SCHEDULED FOR 05/26/2009 @ 8:30 in Room No.  1

           NOTICE TO PARTIES/COUNSEL
           TRIAL -  BENCH NOT HELD ON 04/28/2009

           TRIAL -  BENCH NOTICE SENT ON 04/27/2009

           Charge(s): 1

MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/28/2009

BEREATH TEST DUE TO DUE PROCESS VIOLATION
Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/28/2009

ARREST DUE TO LACK OF PROBABLE CAUSE
Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/28/2009

STATMENTS DUE TO MIRANDA VIOLATION
Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL GRANTED ON 05/05/2009

Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 04/28/2009

Charge(s): 1
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 05/05/2009

AUGSC
05/11/2009 Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 05/08/2009

RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-09-538
05/11/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/08/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL
05/11/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/08/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL
05/14/2009 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 05/13/2009

05/14/2009 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 07/08/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL
06/19/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/19/2009

06/23/2009 MOTION - MOTION TO CONTINUE GRANTED ON 06/22/2009
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
06/23/2009 HEARING - MOTION FOR DISCOVERY CONTINUED ON 06/22/2009
NANCY MILLS , JUSTICE
06/23/2009 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 09/02/2009 @ 2:00

NOTICE TO PARTIES/COUNSEL
06/23/2009 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 06/23/2009

06/23/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/22/2009
NANCY MILLS , JUSTICE
06/23/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/02/2009 @ 2:00

NOTICE TO PARTIES/COUNSEL

Printed on: 11/23/2009

06/23/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 06/23/2009

06/23/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 06/22/2009
          NANCY  MILLS , JUSTICE
06/23/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/02/2009 @ 2:00

          NOTICE  TO PARTIES/COUNSEL
06/23/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 06/23/2009

09/02/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 09/02/2009

09/02/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 09/02/2009

09/02/2009 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 09/02/2009

09/02/2009 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 09/29/2009 @ 1:00

          NOTICE  TO PARTIES/COUNSEL
09/02/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/29/2009 @ 1:00

          NOTICE  TO PARTIES/COUNSEL
09/02/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/29/2009 @ 1:00

          NOTICE  TO PARTIES/COUNSEL
09/03/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/03/2009

09/03/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/03/2009

09/03/2009 HEARING -  MOTION FOR DISCOVERY NOTICE SENT ON 09/03/2009

09/30/2009 HEARING -  MOTION TO SUPPRESS HELD ON 09/29/2009
          NANCY  MILLS , JUSTICE
          Reporter: TAMMY DROUIN
          Defendant Present in Court
09/30/2009 HEARING -  MOTION TO SUPPRESS HELD ON 09/29/2009
          NANCY  MILLS , JUSTICE
          Reporter: TAMMY DROUIN
          Defendant Present in Court
09/30/2009 HEARING -  MOTION FOR DISCOVERY HELD ON 09/29/2009
          NANCY  MILLS , JUSTICE
          Reporter: TAMMY DROUIN
          Defendant Present in Court
09/30/2009 Charge(s): 1
          REQUEST -  WAIVER OF JURY TRIAL FILED ON 09/29/2009

09/30/2009 Charge(s): 1
          REQUEST -  WAIVER OF JURY TRIAL APPROVED ON 09/29/2009
          NANCY  MILLS , JUSTICE
09/30/2009 Charge(s): 1
          MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 09/29/2009
          NANCY  MILLS , JUSTICE
09/30/2009 Charge(s): 1
          MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 09/29/2009

Printed on: 11/23/2009

NANCY  MILLS , JUSTICE
09/30/2009 Charge(s): 1
        MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 09/29/2009
        NANCY  MILLS , JUSTICE
11/23/2009 ORDER -  COURT ORDER FILED ON 11/23/2009


        ORDER ON DEFENDANT'S MOTION TO SUPPRESS
11/23/2009 Charge(s): 1
        MOTION -  MOTION TO SUPPRESS DENIED ON 11/23/2009
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
11/23/2009 Charge(s): 1
        MOTION -  MOTION TO SUPPRESS DENIED ON 11/23/2009
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
11/23/2009 Charge(s): 1
        MOTION -  MOTION TO SUPPRESS DENIED ON 11/23/2009
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
11/23/2009 TRIAL -  DOCKET CALL SCHEDULED FOR 01/05/2010


A TRUE COPY
ATTEST: _____
                        Clerk